# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         )
                                      )
       v.                       )       ID No. 1009001060
                                        )
THOMAS E. WISHER,         )
                                      )
       Defendant.       )

Date Submitted: February 28, 2020
Date Decided:    September 28, 2020

## ORDER

Upon consideration of Defendant's "Motion to Reconciter" (the "Motion"),[1] the State's Response,[2] statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.      On March 15, 2011, Defendant pled guilty to Possession of a Firearm During the Commission of a Felony ("PFDCF") and Assault Second Degree.[3]  By Order issued on March 15, 2011, effective September 2, 2010, Defendant was sentenced as follows:  for PFDCF, IN10-09-0831, 4 years at Level V; and for Assault Second Degree, IN10-10-1244, 8 years at Level V, suspended for 8 years at Level IV (Work Release), suspended after 6 months at Level IV (Work Release), for 12

---

[1] D.I. 60.  Though Defendant styled his Motion as a motion to reconsider, the Court considers it as a motion for modification of sentence, as does the State.  D.I. 63.
[2] D.I. 63.
[3] D.I. 8.

months at Level III, hold at Level V until space is available at Level IV (Work Release).[4]

2.     On October 13, 2016, Defendant was found in violation of probation ("VOP") on the Assault Second charge and sentenced to 7 years at Level V with credit for 15 days previously served, suspended for 6 months at Level IV (Home Confinement), followed by 6 months at Level III, hold at Level III until space is available at Level IV (Home Confinement).[5]

3.     On April 21, 2017, while serving probation for his October 13, 2016 VOP, Defendant was arrested and charged with several new felonies.[6]  These new charges formed the basis for another VOP on Defendant's Assault Second charge.[7]

4.     While awaiting a VOP hearing for the April 21, 2017 VOP, Defendant spent 40 days in Howard R. Young Correctional Institute.[8]  During that period, the State *nolle prossed* Defendant's April 21, 2017 charges.[9]

5.     Despite the State's *nolle prosequi*, on July 25, 2019, the Court held a hearing on the VOP premised on the April 21, 2017 charges.  At the hearing, the

---

[4] D.I. 11.

[5] D.I. 42, 44.

[6] D.I. 63, at 1.

[7] *Id.*

[8] D.I. 57. On September 26, 2019, Defendant filed a Motion for Credit for Time Previously Served seeking to credit these 40 days against the 11-month Level V sentenced that Defendant received on July 25, 2019. *Id.*; D.I. 55.  The State did not oppose Defendant's motion, D.I. 59 at ¶ 5, and the Court granted it.  D.I. 61.

[9] D.I. 63, at 1.

Court found that Defendant's conduct that resulted in the April 21, 2017 charges constituted a VOP of Defendant's Assault Second charge.[10] Consequently, the Court sentenced Defendant to 11 months at Level V.[11]

6.      On December 12, 2019, Defendant filed the instant Motion asking the Court to relieve him of the 11-month Level V sentence.[12]  Defendant argues as follows:  the State *nolle prossed* Defendant's April 21, 2017 charges, but the Court used those charges to find Defendant in VOP at the July 25, 2019 VOP hearing, so the sentence resulting from the July 25, 2019 VOP hearing must be vacated.[13]  In more general terms, Defendant contends that if the State refuses to prosecute certain charges but nonetheless pursues a VOP based on those charges, any resulting sentence must be vacated.

7.      In opposition to Defendant's Motion, the State makes two arguments.[14] First, the State argues that when a defendant serving probation receives a new charge, the Court can revoke the defendant's probation and impose a sentence— even if the State dismisses the new charge.[15]  Second, the State argues that it may

---

[10] *Id.*; D.I. 55.
[11] D.I. 55, 56.
[12] D.I. 60.
[13] *Id.*
[14] D.I. 63.
[15] *Id.* (quoting *Hawkins v. State*, 2010 WL 3341578, at *1 (Del. Aug. 25, 2010) ("The argument Hawkins presents on appeal, *i.e.,* that the May 19, 2010 dismissal of the new charges requires a reduction of his April 23, 2010 VOP sentence, is without merit.  The Superior Court has the authority to revoke probation and to impose sentence on the basis that the probationer has been

pursue a VOP even if it declines to prosecute a charge underlying that VOP.[16] The State may find, for example, that it possesses enough evidence to secure a VOP but not enough evidence to secure a conviction.[17] This is so because the State's burden of proof at VOP hearing is not proof beyond a reasonable doubt; it is proof by a preponderance of the evidence.[18] The State is correct.

8. Here, the Court determined, by a preponderance of the evidence, that Defendant's conduct giving rise to the April 21, 2017 charges violated his probation.

9. Pursuant to 11 *Del. C.* § 4334(c), if a VOP is established, the Court "may continue or revoke the probation or suspension of sentence, and may require the probation violator to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." "In other words, when sentencing a defendant for a VOP, the Superior Court is authorized to reimpose any previously suspended prison term."[19] Here, the 11-month sentence for Defendant's VOP falls well within the previously suspended prison term for that charge.

---

charged with new criminal conduct notwithstanding dismissal of the criminal charges involving the same conduct that gave rise to the violation of probation hearing.")).

[16] *Id.* (internal quotations omitted) (quoting *Kurzmann v. State*, 903 A.2d 702, 717 (Del. 2006)).

[17] *Id.*

[18] *Longford-Myers v. State*, 2013 WL 593249, at *2 (Del. Feb. 13, 2013).

[19] *Johnson v. State*, 2015 WL 5547236 (Del. Sept. 18, 2015) (citations omitted).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED**.

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Thomas E. Wisher (SBI# 00637330)
       Daniel McBride, DAG